[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiffs, Queen Street Mobil and David Garvey, filed this appeal of the defendant Southington Planning and Zoning Commission's decision approving a site plan application by defendant Merit Oil of Connecticut, Inc. ("Merit") to expand and renovate a former Gulf gas station located on 181 Queen Street in Southington. Both the Southington Planning and Zoning Commission ("commission") and Merit filed motions to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction on the ground that the plaintiffs are not aggrieved by the commission's decision and therefore lack standing to appeal that decision.
The following facts are undisputed. On June 2, 1999, Merit filed a site plan application to "rebuild and modernize an existing gas station." (Return of Record (ROR), Exhibit A.) Queen Street Mobil is a gas station located at 301 Queen Street, approximately 1,056 feet north of the property that is the subject of Merit's application. In response to a request by the plaintiffs' counsel, on June 15, 1999, the commission voted pursuant to section 1-10 of the Southington Zoning Regulations to hold a discretionary public hearing on Merit's site plan application. (ROR, Exhibit E.) The plaintiffs submitted to the commission a letter dated June 21, 1999, expressing their concerns regarding Merit's site plan application. On the day of the public hearing, July 6, 1999, the plaintiffs submitted a traffic assessment conducted by a traffic engineer, James Burbais. (ROR, Exhibits J, P.) Garvey and Burbais, along with CT Page 16251 counsel for the plaintiffs, attended the public hearing on July 6, 1999. (ROR, Exhibit H.) At the hearing, the commission heard comments from the plaintiffs' counsel, Garvey and Burbais, but limited Burbais' comments to issues related to the application of the regulations to the site plan. (ROR, Exhibit H, pp. 52-53.) On August 3, 1999, the commission voted to approve Merit's site plan. (ROR, Exhibit X, Y.) Notice of the commission s decision was published in the Southington Record Journal on August 9, 1999. (ROR, Exhibit AA). The plaintiffs timely served this appeal on the chairman of the commission and town clerk on August 23, 1999.
Pleading and proof of aggrievement are prerequisites to the court's subject matter jurisdiction over an administrative appeal. Bakelaar v. West Haven, 193 Conn. 59, 65 (1984). General Statutes § 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court." Section 8-8 (a)(1) provides that an "aggrieved person" includes "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The plaintiffs in this case do not own land that abuts or is within a radius of one hundred feet of the property that is the subject of the commission's decision. For the plaintiffs to have standing to bring this appeal, they must meet the test of "classic" aggrievement. Northeast Parking v. Planning Zoning Commission, 47 Conn. App. 284, 288 (1997), cert. denied,243 Conn. 969 (1998).
The fundamental test for determining classic aggrievement encompasses a twofold determination: "first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Northeast Parking v.Planning Zoning Commission, supra, 47 Conn. App. 284 (1997), cert. denied, 243 Conn. 969 (1998); see State Medical Society v.Board of Examiners in Podiatry, 203 Conn. 295, 300-301 (1987). Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Northeast Parking v.Planning Zoning Commission, supra, 288. A determination of aggrievement presents a question of fact, and the plaintiff bears CT Page 16252 the burden of establishing that fact. Id. A claim of adverse business competition is ordinarily not sufficient to establish aggrievement. Id.
The plaintiffs claim that their objection to the motions to dismiss should be sustained because: (1) the increased traffic hazards and congestion caused by Merit's expanded gas station will specially and injuriously affect their business; (2) public policy considerations dictate in favor of allowing persons such as the plaintiffs to appeal to ensure the proper enforcement of the zoning regulations; and (3) even if the plaintiffs cannot demonstrate a special injury, the plaintiffs are aggrieved by the commission s failure to allow the plaintiffs to be fully heard at the public hearing. At the hearing before this court, Garvey testified regarding the plaintiffs' concerns about the potential adverse impact on the plaintiffs' business from increased traffic congestion and traffic hazards resulting from the renovation of Merit's station. The plaintiffs also introduced an affidavit and traffic assessment from James G. Bubaris, their traffic expert. Merit's traffic expert, Scott Hesketh, testified that the approved site plan will result in a reduction in traffic at the site.
The plaintiffs cite Gregorio v. Zoning Board of Appeals,144 Conn. 422 (1967), in support of their claim that they are aggrieved because of the proximity of Queen Street Mobil to the applicant's property, and the traffic congestion and hazards that will specially affect their property as a result of the renovation. In Gregorio, the zoning board of appeals granted an application for a special use and variance for the construction of a new gas station directly across the street from the plaintiffs gas station. The trial court found that the plaintiff was aggrieved because the actions of the zoning board related directly to the location of the plaintiffs gas station and raised the probability of increased traffic hazards and congestion if the proposed station entered into operation. Id., 426. The Appellate Court concluded: "It cannot be said that on these facts
the trial court was in error in finding that the plaintiff was an aggrieved party." (Emphasis added.) Id.
The plaintiffs' situation in this case is distinguishable from the facts in Gregorio. In this case, the approved site plan is for the renovation of an already existing gas station located down the street from the plaintiffs' gas station in a busy commercial area. Further, while the plaintiffs have presented CT Page 16253 evidence regarding their predictions for increased traffic hazards and congestion, the plaintiffs have not articulated how the potential traffic problems affect their property any more or differently than traffic may affect other property located in the area of the renovation. Any potential increase in traffic hazards or congestion feared by the plaintiffs would also impact other businesses along Queen Street, as well as any persons traveling on Queen Street. The only concern the plaintiffs may have that specially affects their property is a potential increase in business competition from the renovated gas station, which, standing alone, is an insufficient basis upon which to establish aggrievement. See Northeast Parking v. Planning ZoningCommission, supra, 47 Conn. App. 288. The plaintiffs' concern regarding a potential increase in traffic problems on Queen Street does not constitute a specific, personal and legal interest in the subject matter of the decision that is distinguishable from the concerns of all members of the community. The plaintiffs have not met their burden of demonstrating aggrievement.
The plaintiffs claim that even if they do not demonstrate a specific, personal and legal interest in the approval of Merit's site plan, public policy dictates in favor of allowing persons such competitors or taxpayers to appeal to help ensure the proper enforcement of the zoning regulations. Review of actions of local zoning authorities exists only under statutory authority. Wallsv. Planning Zoning Commission, 176 Conn. 475, 477 (1979). "The primary responsibility for formulating public policy must remain with the legislature." Summit Hydropower v. Commissioner ofEnvironmental Protection, 226 Conn. 792, 810-11 (1993). Appeals from decisions of local zoning authorities are limited by General Statutes § 8-8 (b) statute to "any person aggrieved" by a decision. Contrary to the plaintiffs' claim, to allow appeals by persons who are not aggrieved would contravene the public policy as stated by the legislature.
Finally, the plaintiffs argue that they should not be required to demonstrate a specific injury different from that of the general public because the commission deprived them of their right to be fully heard at the public hearing. The plaintiff claims that once the commission opened up the hearing for public input, it should have allowed the plaintiffs the opportunity to fully present their concerns regarding Merit's application. A review of the record shows that the commission did limit Burbais' comments to the issue of his opinion of why the application did CT Page 16254 not conform to the zoning regulations, rather than how the plan might be changed to be a better plan. (ROR, Exhibit H, pp. 52-53.)
"In ruling upon a site plan application, the . . . commission acts in its ministerial capacity. . . . . It is given no independent discretion beyond determining whether the plan complies with the applicable regulations. . . . The [commission] is under a mandate to apply the requirements of the regulations as written. If the plan submitted conforms to these regulations, the [commission] has no discretion or choice but to approve it." (Citation omitted; internal quotation marks omitted.) Roraback v.Planning Zoning Commission, 32 Conn. App. 409, 412 (1993); seeAllied Plywood, Inc. v. Planning Zoning Commission,2 Conn. App. 506, 512, cert denied, 194 Conn. 808 (1984).
The commission in this case was limited to considering whether the site plan conformed to the zoning regulations and could not require the applicant to make changes that might make an already conforming plan better. The record shows that Bubaris and Garvey were allowed to comment on all issues that the commission was allowed to consider. (ROR, Exhibit H, pp. 53-56.) The fact that the plaintiffs were not allowed to comment on issues that were outside the scope of the commission's authority to consider does not make the plaintiffs aggrieved parties for the purpose of bringing an appeal, nor does it excuse them from demonstrating aggrievement. The plaintiffs have cited no Connecticut authority that would elevate their status to that of an aggrieved party solely because they were not allowed to address issues that the commission was unauthorized to decide.
For all the foregoing reasons, the court lacks subject matter jurisdiction to hear this appeal because the plaintiffs are not aggrieved by the commission's decision. Accordingly, the defendants' motions to dismiss are granted, and the plaintiffs' appeal is dismissed.
Micheal Hartmere, Judge