******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# FORTUNATA MALUCCIO *v.* EAST LYME ZONING BOARD OF APPEALS

## (AC 38680)

Sheldon, Mullins and Pellegrino, Js.

### *Syllabus*

The plaintiff property owner appealed to the trial court from the decision of the defendant, the East Lyme Zoning Board of Appeals, upholding the denial by the zoning enforcement officer of the plaintiff's application for a permit to build a single family residence on certain of her real property in the town of East Lyme. The plaintiff's property was originally designated on a subdivision plan map as a recreation area. When the developer of that subdivision submitted the plan to the East Lyme Planning Commission, the subdivision regulations gave the commission the discretion to require that the developer provide land to the town for open space for parks and playgrounds. The commission approved the subdivision plan as submitted, but did not explicitly require that it contain a recreation area as the commission deemed proper. On two occasions, the town rejected offers from the subdivision's developers to deed the property to the town, and the plaintiff later acquired the property at a tax sale. The zoning enforcement officer denied the plaintiff's subsequent application for a building permit for a single family residence because the property had been designated as a recreation area on the original subdivision plan. The plaintiff then appealed that decision to the defendant, which concluded that the zoning enforcement officer had properly denied the building permit on that ground. On the plaintiff's appeal from that decision, the trial court found that the defendant's decision was illegal and not supported by the record. Specifically, the trial court reasoned that the recreation area notation on the subdivision plan created, if anything, a private right or restriction that could not be enforced by the zoning enforcement officer or the defendant. The court sustained the plaintiff's appeal and directed the defendant to reverse the decision of the zoning enforcement officer, and the defendant, on the granting of certification, appealed to this court. The defendant claimed that the trial court had improperly found that the recreation area designation on the subdivision map created only a private right or restriction unenforceable by zoning law. The defendant specifically argued that the subdivision regulations had required the developer to label the property as a recreation area and, therefore, the zoning enforcement officer had the power to deny the plaintiff's building permit application because the property was currently a recreation area. *Held* that the trial court properly sustained the plaintiff's appeal, as the defendant's decision to uphold the denial of the building permit application was illegal and unsupported by the record: the subdivision regulations did not require an open space parcel, but merely required that a developer allocate a parcel as open space so that the commission could decide whether such a parcel should be required, and here, based on the commission's silence in that regard, it could not be assumed that the commission had required that the parcel remain open space; moreover, because the subdivision regulations made no mention of the commission's power to require that a developer set aside a recreation area, and only allowed the commission to require open space for parks and playgrounds, the commission had lacked the authority to require the developer to designate a recreation area and, therefore, the plaintiff's building permit could not be denied on that ground; furthermore, the defendant could not prevail on its claim that the trial court erred in determining that the town was required to accept title to the property to effectuate the recreation area designation, as that claim was based on a misguided reading of that court's decision, which had focused on the illegality of the action taken and not what action the town could have taken to effectuate the recreation area designation.

Argued February 7—officially released July 18, 2017

(Appeal from Superior Court, judicial district of New

London, Hon. Robert C. Leuba, judge trial referee.)

*Procedural History*

Appeal from the decision of the defendant upholding the denial by the zoning enforcement officer of the plaintiff's application for a building permit, brought to the Superior Court in the judicial district of New London and tried to the court, *Hon. Robert C. Leuba*, judge trial referee; judgment sustaining the appeal, from which the defendant, on the granting of certification, appealed to this court. *Affirmed.*

*Mark S. Zamarka*, with whom, on the brief, was *Edward B. O'Connell*, for the appellant (defendant).

*Eugene C. Cushman*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. This appeal is brought by the defendant, the East Lyme Zoning Board of Appeals (board), from a decision of the trial court sustaining an appeal from the board's decision denying a building permit for a parcel of land owned by the plaintiff, Fortunata Maluccio, that was designated as a "recreation area" on an original subdivision plan. The defendant claims that the trial court improperly found that the designation of the parcel as a "recreation area" did not preclude the development of that parcel for residential use. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff purchased a lot with the address of 6 Red Fox Road (parcel) in the Green Valley Lakes subdivision in East Lyme (town) at a tax sale on May 26, 2006. The Green Valley Lakes subdivision was originally approved on July 13, 1970, by the East Lyme Planning Commission (commission). The East Lyme Subdivision Regulations (regulations), as they existed in 1970, gave the commission discretion to require developers to provide land to the town for "open space for parks and playgrounds as it may deem proper . . . ." East Lyme Subdivision Regs. (Rev. to June 5, 1967), § 3.5. Accordingly, the developer of Green Valley Lakes designated one lot as a "recreation area" on the subdivision plan he submitted for approval to the commission. The lot labeled "recreation area" is the parcel at issue in this appeal.

At its meeting on July 13, 1970, the commission approved the subdivision plan that included the parcel labeled as a "recreation area." The vote on the subdivision, however, did not explicitly mention whether a recreation area would be required. On February 14, 1972, the developer recorded on the land records of the town a "Declaration of Restrictions" relating to the subdivision. No mention was made of the parcel, any special restrictions regarding the parcel, or any rights created for the use of the parcel by any lot owners.

On July 5, 1973, the original developer offered to deed the parcel to the town. The minutes of the town Board of Selectmen meeting state that, following a discussion, the selectmen voted unanimously to reject the offer. Once more, in 1979, a subsequent developer also offered to deed the parcel to the town, but the offer was rejected. The parcel has remained in its natural state since 1970, has not been classified as open space by the assessor, and does not appear as open space on the town's plan of development or comprehensive plan. No rights in the parcel were deeded to lot purchasers in the development, and no lot owner has filed a notice of claim as to any rights in the parcel pursuant to General Statutes § 47-33f.[1]

Following years of unpaid taxes on the parcel, it

became the subject of a statutory tax sale by a public auction conducted by the town's tax collector. A public notice regarding the sale was issued on March 10, 2006. The notice indicated that the parcel was to be sold subject to a utility easement and sloping rights, but made no mention of any encumbrance relating to open space for parks and playgrounds. The plaintiff purchased the parcel at the tax sale for $19,500.

In August, 2012, the plaintiff submitted an application to the town for a zoning permit to build a single family home on the parcel. The application and attached plans conformed to all specific requirements of the zoning regulations of the town.[2] The zoning enforcement officer, acting on behalf of the East Lyme Zoning Commission, denied the permit application, stating his reasons as follows: "[The] application is denied as property is designated as recreation area open space on the original subdivision plan."

The plaintiff appealed from the denial of her permit application to the defendant, which, following a hearing, upheld the zoning enforcement officer's decision. The defendant stated that the zoning enforcement officer "had properly denied the zoning permit for [the parcel], [and] that designations of the original subdivision map such as recreation area, open space, etc., were purely semantics as they all serve the same function and the opinion of the attorney was that they were synonymous as you are talking about language from 1970 and now. Further, it was recommended that the appropriate method of change for this item is through the [commission]."

Pursuant to General Statutes § 8-8 (b), the plaintiff appealed from the decision of the defendant to the Superior Court. The court sustained the plaintiff's appeal, holding that the decision of the defendant was illegal and not supported by the record. Specifically, the court reasoned that the notation of "recreation area" on the original subdivision plans submitted for approval in 1970 created only, if anything, a private right or restriction that cannot be enforced by the zoning enforcement officer or the defendant. Further, the court observed that the town had twice rejected offers from developers to deed the parcel to the town for recreational purposes, and therefore the parcel was never deeded or dedicated to the town as a "recreation area." The court remanded the case to the defendant with direction to reverse the ruling of the zoning enforcement officer. On the granting of certification, this appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the applicable standard of review. "In reviewing the actions of a zoning board of appeals, we note that the board is endowed with liberal discretion and that its actions are subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of

proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . .

"It is well settled that . . . [t]he court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. . . . Upon an appeal from the judgment of the trial court, we review the record to see if there is factual support for the board's decision, not for the contentions of the applicant . . . to determine whether the judgment was clearly erroneous or contrary to law." (Citations omitted; internal quotation marks omitted.) *Wing* v. *Zoning Board of Appeals*, 61 Conn. App. 639, 643–44, 767 A.2d 131, cert. denied, 256 Conn. 908, 772 A.2d 602 (2001).

"When a zoning agency has stated its reasons for its actions, a court should not reach beyond those stated purposes to search the record for other reasons supporting the commission's decision. . . . Rather, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (Citations omitted; internal quotation marks omitted.) *Harris* v. *Zoning Commission*, 259 Conn. 402, 420–21, 788 A.2d 1239 (2002).

A zoning enforcement officer acting on an application for a zoning permit has a purely ministerial function. See *Roraback* v. *Planning & Zoning Commission*, 32 Conn. App. 409, 412, 628 A.2d 1350, cert. denied, 227 Conn. 927, 632 A.2d 704 (1993); but see *Reardon* v. *Zoning Board of Appeals*, 311 Conn. 356, 364–65, 87 A.3d 1070 (2014) (enforcement of zoning regulations generally discretionary). If the application conforms to the requirements of the regulations, he has no discretion but to issue a permit. See *Langer* v. *Planning & Zoning Commission*, 163 Conn. 453, 456, 313 A.2d 44 (1972).

In the present case, we agree with the trial court's conclusion that the action taken by the defendant in upholding the denial of the plaintiff's permit was illegal and unsupported by the record. The defendant can exercise only such powers as are expressly granted to it by statute. *Moscowitz* v. *Planning & Zoning Commission*, 16 Conn. App. 303, 308, 547 A.2d 569 (1988). General Statutes § 8-6 (a) provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: (1) [t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ." General Statutes § 8-7 provides in relevant part: "The board shall hold a public hearing on such appeal . . . . Such board may reverse or affirm wholly or partly or may modify any order, requirement or deci-

sion appealed from and shall make such order, requirement or decision as in its opinion should be made in the premises and shall have all the powers of the officer from whom the appeal has been taken but only in accordance with the provisions of this section. Whenever a zoning board of appeals . . . sustains or reverses wholly or partly any order, requirement or decision appealed from, it shall state upon its records the reason for its decision . . . ."

In upholding the decision made by the zoning enforcement officer, the defendant formally stated the reasons for its decision on the record. The reason provided was that the label "recreation area" on the subdivision map precluded the plaintiff from obtaining the building permit. As the trial court aptly noted, however, "[t]he law is well established that restrictive covenants in a deed as to use of property are distinct and separate from the provisions of a zoning law and have no influence or part in the administration of a zoning law . . . . *Anniello* v. *Vernon Planning & Zoning Commission*, Superior Court, judicial district of Tolland, Docket No. CV-93-52916-S [1995 WL 493781, *3] (August 14, 1995)." (Internal quotation marks omitted.); see also Am. Jur. 840, Zoning and Planning, § 1006 (1992). On appeal, the defendant contends that the court erred in determining that the label "recreation area" on the subdivision map created, if anything, a private right or restriction unenforceable by the zoning enforcement officer or the defendant. Instead, the defendant asserts that, because such label was required by the regulations in effect in 1970, the parcel is currently designated as a recreation area, and the zoning enforcement officer therefore has the power to deny a permit to build on the parcel.

The defendant's proposition fails in at least two regards. First, the regulations did not *require* an open space parcel, rather, the regulations merely required the developer to allocate a parcel as open space on the subdivision plan submitted for the application. The commission could then decide whether the open space parcel should be required. See East Lyme Subdivision Regs. (Rev. to June 5, 1967), § 3.5. In this case, the commission was silent on the matter, so it cannot be assumed that the commission eventually required the parcel to remain open space. Further, the developers twice offered to deed the parcel to the town but the town denied both offers. Had the town truly wished to ensure that the parcel would remain "open space" indefinitely under the regulations, it could have accepted title to the property. Second, the defendant's argument fails because, even if the regulations actually required the commission to designate the parcel as open space before approving the subdivision application, the designation of "recreation area" did not fall within the explicit confines of the regulations. Instead, the regulations allowed the commission the discretion to mandate that a developer provide land to the town for "open

space *for parks and playgrounds* as it may deem proper
. . . .'' (Emphasis added.) East Lyme Subdivision Regs.
(Rev. to June 5, 1967), § 3.5. The regulations made no
mention of the commission's power to require the devel-
oper to set aside land for a "recreation area." Thus,
because the commission lacked the authority to require
the developer to designate a "recreation area," it follows
that the zoning enforcement officer and the defendant
could not deny the plaintiff a building permit for the
parcel on the basis of its original "recreation area"
designation on the subdivision plan.

The defendant's second claim on appeal, namely, that
the court erred in determining that the town was
required to accept title to the property in order to effec-
tuate the recreation area designation, also fails. The
defendant's argument is based on a misguided reading
of the court's decision. Although the court stated that
the parcel was not deeded and perpetually dedicated
to the town for recreation, the court was responding
to the defendant's argument that § 1.61 of the November
22, 2013 revision of the East Lyme Zoning Regulations
applied to the parcel.[3] Nowhere in its memorandum of
decision did the court state that the town was *required*
to accept title to the parcel to effectuate the recreation
area designation. On the contrary, the court's review
of the defendant's decision was not based on what
action the town could have taken to effectuate the recre-
ation area designation, but rather on the illegality of
the action taken by the zoning enforcement officer and
the defendant in denying the plaintiff a building permit.
Accordingly, the court did not err, and the defendant's
second claim fails.

We conclude that the court properly sustained the
plaintiff's appeal and remanded the case to the defen-
dant with direction to reverse the ruling of the zoning
enforcement officer.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 47-33f (a) provides in pertinent part: "Any person
claiming an interest of any kind in land may preserve and keep effective
that interest by recording, during the forty-year period immediately following
the effective date of the root of title of the person whose record title would
otherwise be marketable, a notice in writing, duly verified by oath, setting
forth the nature of the claim. . . .''

[2] Section 24.3B of the November 22, 2013 revision of the East Lyme Zoning
Regulations provides in pertinent part: "The [z]oning [e]nforcement [o]fficer,
acting on behalf of the [c]ommission, shall review applications to determine
conformity with the [z]oning [r]egulations. . . . The [z]oning [e]nforcement
[o]fficer will review the site plan to ensure compliance with the [z]oning
[r]egulations and shall issue a permit within 30 days of receipt if all other
applicable requirements of these regulations have been met. . . .''

[3] In its October 31, 2014 trial court brief, the defendant had argued that
§ 1.61 of the November 22, 2013 revision of the East Lyme Zoning Regulations
applied to the parcel and restricted its use, which provides in relevant part:
"Land area within a subdivision deeded as a parcel or parcels separate from
Building Lots and Streets and Perpetually dedicated for Conservation and/
or Recreational purposes. The ownership and purpose of subdivision open
space is specified by the Planning Commission in approving a Subdivision,
and only recreational facilities, underground utility facility, or other improve-

ments consistent with the approved purpose shall be permitted within subdivision open space."

---