[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following action consists of three consolidated appeals. The defendants, Courthouse Associates, LLL (Courthouse Associates) and Special Properties, III, LLC (Special Properties), filed a site plan application seeking approval to convert a bank into a restaurant. In addition, the application proposed construction of handicapped access and interior renovation. The defendant, Special Properties, is the owner of the subject property. The defendant, Courthouse Associates, is the tenant of Special Properties.
The Planning and Zoning Commission conducted a public hearing on the defendants' application. Following a discussion of the application, the application was approved with three conditions. In the first action, the plaintiffs appealed the site plan approval to the Superior Court. Spring v. Planning ZoningCommission, Superior Court, judicial district of Stamford/Norwalk, Docket No. 157491.
After the commission approved the site plan, Courthouse Associates sought a zoning permit from the zoning inspector, which was subsequently issued by that official. An appeal of the zoning inspector's decision to issue a permit was brought to the CT Page 14904 zoning board of appeals (board) pursuant to section 60-23.3[1]
of the New Canaan zoning regulations and General Statutes §8-7[2]. The board conducted a public hearing and voted 4-1 to deny the appeal. In this action, the plaintiffs appeal from the decision of the board upholding the zoning inspector's granting of a zoning permit. Spring v. Zoning Board of Appeals, Superior Court, judicial district of Stamford/Norwalk, Docket No. 158558.
Finally, the third action is an appeal from the commission's approval of a modification to the site plan. Spring v. Planning Zoning Commission, Superior Court, judicial district of Stamford/Norwalk, Docket No. 158515. Specifically, the applicant sought to modify the site plan approval to include two propane tanks and two steel guard posts. The commission conducted a public hearing on the applicant's application to modify.
General Statutes §§ 8-8 and 8-9 govern appeals taken from the decisions of a planning and zoning commission to the superior court. General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). General Statutes § 8-8(1) provides, in pertinent part, that an "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
In the present case the plaintiffs allege that they are the "owners of a parcel of property known as 91-103 Main Street, New Canaan, Connecticut." They further allege that they are "aggrieved as an abutter pursuant to [General Statutes § 8-8]." The complaints for all three appeals list the plaintiffs as "Therese Marie Spring, Therese Marie Spring, Executrix under the will of Catherine P. Cody, James J. Cody, Trustee under the will of Thomas P. Cody, George F. Cody, Thomas H. Cody, Catherine L. Cody, William J. Cody, and James J. Cody." A map shows that the CT Page 14905 estate of Catherine E. Cody is located within a hundred feet of the applicant's land. Thus, the court finds the plaintiffs are aggrieved, and as such, have standing to maintain all three appeals.
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." (Internal quotation marks omitted.) Caserta v. Zoning Board of Appeals,226 Conn. 80. 86, 626 A.2d 744 (1993). "Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." Id. "It follows from the de novo nature of the board's consideration of the issues decided by the zoning enforcement officer that the trial court, upon a judicial appeal from the board pursuant to General Statutes § 8-8, must focus on the decision of the board and the record before it, because it is that decision and record that are the subject of the appeal under § 8-8." Id., 90-91.
"[[w]here there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." (Internal quotation marks omitted.) West HartfordInterfaith Coalition, Inc. v. Town Council, 228 Conn. 498,514-15, 636 A.2d 1342 (1994); Double I Limited Partnership v.Plan Zoning Commission, 218 Conn. 65, 73, 588 A.2d 624 (1991).
"In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993). The plaintiffs bear the burden of showing that the zoning agency acted illegally, arbitrarily and in abuse of its discretion by failing to comply with this statutory requirement. Bloom v.Zoning Board of Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995);Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587-88,628 A.2d 1286 (1993).
 I.) APPEAL I
CT Page 14906
The plaintiffs, Therese Marie Spring, James J. Cody, George F. Cody, Thomas H. Cody, Catherine L. Cody, and William J. Cody, appeal from a decision of the New Canaan Planning and Zoning Commission (commission), in which the commission approved a site plan application.
"A site plan is a plan filed with a zoning commission or other municipal agency or official to determine the conformity of a proposed building, use or structure with specific provisions of the zoning regulations. It is a physical plan showing the layout and design of a proposed use, including structures, parking areas and open space and their relation to adjacent uses and roads, and containing the information required by the zoning regulations for that use. The agency has no independent discretion beyond determining whether the plan complies with the site plan regulations and applicable zoning regulations incorporated by reference. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations." (Internal quotation marks omitted.) CRRA v.Planning Zoning Commission, 46 Conn. App. 566, 570,700 A.2d 67, cert. denied, 243 Conn. 935, 702 A.2d 640
(1997). "In ruling upon a site plan application, the planning commission acts in its ministerial capacity, rather than its quasi-judicial or legislative capacity." (Internal quotation marks omitted.) Roraback v. Planning Zoning Commission,32 Conn. App. 409, 412, 628 A.2d 1350, cert. denied, 227 Conn. 927, 632 A.2d 704 (1993).
"While a commission has limited discretion when acting in an administrative capacity . . . it does have discretion to resolve debatable questions of fact, and on appeal the issue is whether the agency's decision on factual questions is reasonably supported by the record, in which case the court should not substitute its judgment for that of the commission." (Internal quotation marks omitted.) Roraback v. Planning ZoningCommission, supra, 32 Conn. App. 412.
The plaintiffs appeal on the grounds that the commission voted to approve the application despite evidence demonstrating an incomplete application pursuant to the regulations; that the record fails to provide substantial evidence to support the commission's approval of the site plan application; that the commission failed to state upon the record, clearly articulated reasons for its vote, based upon substantial evidence; that the commission approved the application without giving due CT Page 14907 consideration to the effect on neighboring properties as required by the regulations; that the commission did not point to substantial evidence demonstrating how the application met the enacted site plan regulations; and that the actions of the commission do not conform with the requirements of the New Canaan zoning regulations or the General Statutes.
A.) Setback
First, the plaintiffs argue that the commission acted illegally by approving construction of a platform and steps on the plaintiff's northern property line in violation of the applicable setback regulations. Specifically, the plaintiffs contend that this proposed construction represents an impermissible expansion of a nonconforming use.
The regulations set forth the yard requirements for structures located in retail zone A. New Canaan Zoning Regs., Article IX, § 60-9.1(C)(2)[3]. Under § 60-9.1(B)(3), a restaurant is included in this zone. Section 60-9.1(C)(2) provides, in pertinent part, that "[s]ide and rear yards shall be six (6) feet minimum each, except that where legal documentation, acceptable to the Commission, shall be submitted on behalf of an adjoining property owner assuring that he will build a structure to the property line or build a structure a minimum of twelve (12) feet from the property line, the yard between the two (2) properties may be reduced to zero; provided that a clear minimum of twelve (12) feet shall be provided or be available on at least two (2) sides of any building. . . . Said twelve (12) feet of clear area shall have adequate vehicular access and may be a grass area, provided that it has a base suitable to support fire vehicles."
The plaintiffs argue that the platform and steps located in the rear corner of Courthouse Associates' building impinges upon the six foot side yard setback on the side nearest their property line. In addition, the plaintiffs contend that no legal documentation exists indicating that the plaintiffs agreed to build to the property line or maintain a minimum of twelve feet from the property line. Further, the plaintiffs argue that even if such documentation exists, Courthouse Associates fails to have a twelve foot setback on two sides of the building.
The defendants say that the six foot side yard setback does not apply because the three conditions allowing an exception to CT Page 14908 this rule have been met. Specifically, the defendants argue that they are entitled to build right up to the plaintiffs' property line because the plaintiffs have agreed not to build within twelve feet of the same property line; the agreement is documented in a form acceptable to the zoning authority; and there is more than the required twelve feet clear area in the front, rear, and other side of the bank building. Finally, the defendants maintain that this construction does not constitute an impermissible expansion of a nonconforming use even if it were the case that the six foot yard setback applied[4].
Here, the record contains a warranty deed which provides, in pertinent part, that the premises are conveyed "with an easement, as an appurtenance thereto, to use as a right of way and for all other lawful purposes incident to a right of way, in common with the Seller, his heirs and assigns, all that certain strip of land, twelve (12) feet in perpendicular width. . . ." This warranty deed details the location of the easement with reference to an attached map illustrating that the easement lies between the plaintiffs' and Courthouse Associates' respective side yards. Because the warranty deed qualifies as acceptable "legal documentation" pursuant to § 60-9.1(C)(2), the yard between the Courthouse Associates and the plaintiff may be "reduced to zero" as long as there is a "clear minimum of twelve (12) feet . . . on at least two (2) sides of any building." In order to determine whether Courthouse Associates meets this exception, it is first necessary for the court to determine how a "clear minimum of twelve feet" is measured and what constitutes "two sides of any building."
"Although the position of the municipal land use agency is entitled to some deference . . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court." (Citations omitted; internal quotation marks omitted.)Northeast Parking, Inc. v. Planning Zoning Commission,47 Conn. App. 284, 293, 703 A.2d 797, cert. denied, 243 Conn. 969,707 A.2d 1269 (1997).
"Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the CT Page 14909 facts. . . . In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal. . . . [U]pon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . ." (Citations omitted; internal quotation marks omitted.) Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991).
"The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning . . . and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. . . . Common sense must be used in construing the regulation, and [the court assumes] that a rational and reasonable result was intended by the local legislative body." (Citations omitted.) Spero v. Zoning Board of Appeals, supra,217 Conn. 440.
"[R]egulations are to be construed as a whole since particular words or sections of the regulations, considered separately, may be lacking in precision of meaning to afford a standard sufficient to sustain them." (Internal quotation marks omitted.) Forest Construction Co. v. Planning ZoningCommission, 155 Conn. 669, 679, 236 A.2d 917 (1967). We look first to the language of the regulation to determine the intent of the enacting body. Spero v. Zoning Board of Appeals, supra,217 Conn. 441. If the language of the regulation is ambiguous, the court can look to its purpose as an aid in construing it.Nickel Mine Brook Associates v. Joseph E. Sakal, P.C.,217 Conn. 361, 364, 585 A.2d 1210 (1991).
As a threshold matter, the court notes that the commission did not explicitly state on the record that § 60-9.1(C)(2) was satisfied. It is well established, however, that if the commission fails to state clearly the reasons for its decision, the trial court must search the record to find a basis for the commission's decision. Parks v. Planning Zoning Commission,178 Conn. 657, 661-62, 425 A.2d 100 (1979).
In the present case, there are two reasonable interpretations of § 60-9.1(C)(2) that would permit the yard between the two properties to be reduced to zero. Section § 60-9.1(C)(2) provides that a "clear minimum of twelve (12) feet shall be CT Page 14910 provided or be available on at least two (2) sides of any building. . . ." A plain reading of this provision indicates that the two sides may include the side of the building with the easement. Because the warranty deed qualifies as acceptable "legal documentation" and a "clear minimum of twelve (12) feet" exists on the easement side as well as the rear side of the applicant's building, a plain reading of § 60-9.1(C)(2) permits the "yard between the two (2) properties to be reduced to zero."
In the alternative, as the plaintiffs seem to contend, § 60-9.1(C)(2) may be interpreted to require that a "clear minimum of twelve feet" be available on two sides of the applicant's building other than the easement side. The plaintiffs contend that the applicant's fail to meet the exception set forth in the regulation because only the applicant's rear yard appears to be in excess of twelve feet. The defendants, however, maintain that the front, rear, and the side opposite the easement of the bank building all contain more than the required twelve feet clear area.
The first clause of the regulation provides, "[s]ide and rear yards shall be six (6) feet minimum each. . . ." Pursuant to the New Canaan zoning regulations, a `side yard' is defined as "[a]n open, unoccupied space between the building and the side line of the lot and extending through from the street to the rear yard or, where no rear yard is required, to the rear line of the lot." A `rear yard' is defined as "[a]n open, unoccupied space on the same lot with any building, between the rear wall of said building and the rear line of the lot. "A `lot' is defined as "[a] parcel of land capable of being lawfully built upon in conformity with these regulations and may contain one (1) or more zone units; same as "plot" or "parcel."
A `yard' is defined as "[a]n open space on the same lot with a building or group of buildings, which open space lies between the building or group of buildings and the nearest lot line or line of any easement for any traveled way. . . . In measuring a yard, it shall be the shortest distance from any portion of the building to the nearest lot line. . . ." New Canaan Zoning Regs., Article IX, § 60-9.1(C)(2).
The plaintiffs argue that a "clear minimum of twelve feet" only exists in the rear yard of the building. The requirement of "a clear minimum of twelve feet," however, is not measured from CT Page 14911 the building to the nearest lot line, as the plaintiffs seem to suggest. If the framers of the regulations meant to measure the twelve feet in this manner, they would have used the word `yard' as they did in the first phrase of § 60-9.1(C)(2), where they required that "[s]ide and rear yards shall be six (6) feet minimum each. . . ."
Conversely, the defendants argue that a "clear minimum of twelve feet" exists on three sides of their building. Thus, the defendants seem to imply that a "clear minimum of twelve feet" includes a clear and open area of twelve feet, regardless of upon whose property line the area may fall. It should be noted that this interpretation of the regulation also accords with the last requirement of the regulation. This measure of a clear area of twelve feet allows for "adequate vehicular access" and a "base suitable to support fire vehicles."
As the plaintiffs concede, the rear yard of the subject property measures in excess of twelve feet. In order to meet the exception set forth in the regulation if it is interpreted to require two sides with a "clear minimum of twelve feet" in addition to the side with the easement, there must be a clear minimum of twelve feet on at least one other side of the applicant's building. The space between the front of the building and the nearest lot line varies from 3.5 feet to 9.3 feet. Because Main street borders the front of the building and there are no other structures there, a clear minimum of twelve feet spans out from the front of the building. Furthermore, Main street provides ample room for vehicular access. Accordingly, all the requirements of section 60-9.1(C)(2) are met.
Utilizing common sense in construing the regulation, the court cannot say that the commission unreasonably interpreted the regulation to allow the yard between the two properties to be reduced to zero. The construction of the regulation adopted by the board was not unreasonable, arbitrary or illegal. Thus, the appeal cannot be sustained on the ground that the proposed construction violates the applicable setback requirements.
B.) Landscaping Plan and Certified Survey
Next, the plaintiffs argue that the site plan application was defective because it failed to include certified surveys and landscaping plans as required by section 60-3.3 of the New Canaan zoning regulations. The plaintiffs maintain that the surveys CT Page 14912 submitted by Courthouse Associates failed to include certain required certified measurements such as dimensions of the structures and delineation of applicable setbacks. In addition, the plaintiffs note that the regulations have no provision permitting the commission to waive site plan requirements.
Although the defendants concede that Courthouse Associates did not submit a landscaping plan with its initial application, they argue that this does not render Courthouse Associates' site plan application defective because they had submitted the landscaping plan by the March 25, 1997 public hearing when that plan and Courthouse Associates' application to modify the site plan approval were before the commission. The defendants emphasize that the plaintiffs are contesting only the timing and not the substance of the landscaping plan. In addition, the defendants contend that a landscaping plan was not necessary because they did not propose to change the landscaping.
Section 60-3.3 of the New Canaan zoning regulations provides, in pertinent part, that "[t]he application for a zoning permit shall require the following information: A. The date of the application for the zoning permit. B. A plot plan prepared by a professional engineer, architect or land surveyor and drawn to scale showing: (1) The actual dimensions of the plot to be built upon or used. (2) Its location in respect to streets. (3) The zone in which the plot is located. (4) The points of the compass. (5) The location and size of any presently existing buildingsupon the plot and the proposed location and size of any newbuildings to be erected thereon or both. (6) The dimensions ofall open spaces. (7) All applicable setback lines. (Emphasis added).
The record contains maps which illustrate the existing site plan and the proposed site plan. Because these maps are drawn to scale, the plaintiffs could measure and determine the dimensions of all open spaces and applicable setback lines. In addition, these maps detail the elevation of the building on all sides. The plaintiffs contend that the applicants failed to comply with the regulations set out in section 60-3.4 because the commission and the plaintiffs' attorney, had to estimate dimensions at the public hearing with a ruler. This argument, however, is not persuasive. These maps are drawn to scale and provide all the information required under the regulations. The mere fact that the plaintiffs had to measure out the dimensions with a ruler does not render the maps incomplete. CT Page 14913
Section 60-3.4 of the New Canaan zoning regulations, which sets forth the required site plan information, further provides, in pertinent part, that "the applicant for a zoning permit shall submit . . . [a] [l]andscape plan in detail showing plant materials and sizes. . . ."
In 300 PRW Associates v. Planning Zoning Commission, Superior Court, judicial district of Fairfield, Docket No. 288554 (September 15, 1992, Cocco, J.), the court held that where the regulations require the commission to consider particular documentation in conjunction with special permit and site plan approvals, the commission may not waive these documentary requirements in the absence of specific regulatory provisions that authorize such waiver. In that case, the court found that the commission acted illegally, arbitrarily, and in abuse of its discretion in the following ways: by failing to receive an archeological report; failing to consider the width, grade, and alignment of entrances and exits of an access easement; failing to consider visibility lines; failing to require a final landscape plan; and by failing to require that the existing conditions map show all information required under the regulations.
The 300 PRW Associates case is distinguishable from the facts of the present case, however. In this case, the initial application lacked only a landscaping plan. More importantly, a landscaping plan was subsequently made available to the commission in time for the third public hearing on Courthouse Associates' plan to modify the site plan approval.
"Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably." Cybulski v. Planning Zoning Commission, supra, 43 Conn. App. 110. Here, the commission did not act arbitrarily, illegally or unreasonably in approving the initial site plan application without a landscaping plan. The plaintiffs did not object to the lack of such a landscaping plan at the public hearing on this application and they are not contesting the substance of the plan. The lack of such a landscaping plan was subsequently remedied when Courthouse Associates submitted one in time for the third appeal on the modification of the site plan approval.
C.) Due Process
CT Page 14914
Next, the plaintiffs appeal on the ground that the commission conducted a patently unfair proceeding by allowing the applicant to totally change its application at the public hearing without requiring a new application. The plaintiffs maintain that the applicant made the following changes to its application at the public hearing: the addition of a compactor with enclosure; the replacement of the ramp along the rear wall with a taller lift; and addition of a platform and steps extending along the plaintiffs' property line.
The plaintiffs argue that because of these changes they did not have an adequate opportunity to prepare for the hearing and were therefore deprived of a fair opportunity to comment on the matter before the commission. Furthermore, they contend that the right to a hearing includes the right to notice of all matters to be heard so there is an opportunity to prepare for the hearing.
The defendant counters that in the zoning context, parties are not denied due process where they have notice of "matters of substance," and they have an opportunity to be heard on those matters. The defendant maintains that the plaintiffs had notice of the substance of the application and had a meaningful opportunity to be heard at the public hearing. In support of this argument, the defendant argues that the changes made in the site plan at the public hearing were not substantial. In addition, the plaintiffs' attorney presented a lengthy opposition to the application and did not seek a continuation to prepare further opposition.
The cases cited by the plaintiffs all address the notice necessary to apprise a party of the charges against him in an administrative proceeding which could result in the loss of a license or privilege. These cases address denial of due process claims in cases involving license revocation proceedings and other agency actions which affect existing private property rights. These cases, however, do not provide guidance for determining what kind of notice is required at a public hearing in the zoning context. See Murphy v. Berlin Board of Education,167 Conn. 368, 355 A.2d 265 (1974) (appeal from the judgment of the Court of Common Pleas dismissing the plaintiff's appeal from the order of the defendant board of education, placing the plaintiff teacher on probationary status and withholding salary increases); Hart Twin Volvo Corporation v. Commission of MotorVehicles, 165 Conn. 42, 327 A.2d 588 (1973) (appeal from the CT Page 14915 action of the defendant commissioner suspending the plaintiff's license to sell and repair automobiles); and Levinson v. Board ofChiropractic Examiners, 211 Conn. 508, 560 A.2d 403 (1989) (appeal from the decisions by the defendant board suspending the plaintiffs' chiropractic licenses). In the zoning context, due process is accorded in a public hearing if the plaintiff has notice of "matters of substance" and has a full opportunity to address these matters. In Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 563 A.2d 339 (1989), for example, the court determined that the plaintiffs had adequate notice of the commission's intention to seek off-site compensation where the topics posted for public hearing discussion included "compensating measures if the pond is to be eliminated."
"The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought. . . . Adequate notice will enable parties having an interest to know what is projected and, thus, to have an opportunity to protest." (Citations omitted; internal quotation marks omitted.) Hartford Electric Light Co. v.Water Resources Commission, 162 Conn. 89, 110, 291 A.2d 721
(1971). "[N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing. . . ." (Internal quotation marks omitted.) HartfordElectric Light Co. v. Water Resources Commission, supra,162 Conn. 110 (due process violated where notice of the public hearing on the plaintiff's application for permission to erect transmission lines gave no indication that a possible order for removal of the preexisting line was to be considered); seeShrobar v. Jensen, 158 Conn. 202, 207, 257 A.2d 806 (1969) (notice that a variance was sought to reconstruct and improve the filling station was sufficient to give notice to the public that the defendants' proposal to replace the existing structures with an entirely new station was to be considered).
In this case, the plaintiffs had sufficient notice of the general character and nature of the action proposed. The notice provision contained in section 60-3.16(A)(a)(1) of the New Canaan zoning regulations merely requires that the applicant notify each abutting property owner of the "time, place, date and CT Page 14916 purpose of the hearing. . . ." Pursuant to this regulation, Courthouse Associates sent the plaintiffs a letter and a copy of the site plan application which served to provide this required information. (ROR, Item 1).
The notice letter gave the plaintiffs sufficient notice of the general character and nature of the action by providing, "[w]e are attorneys for Courthouse Associates, LLC, with respect to its application to the New Canaan Planning and Zoning Commission for site plan approval of a handicapped access ramp at the rear of the former bank building. . . . Courthouse Associates intends to use the building as a restaurant, and handicapped access is required by federal regulations."
At the public hearing, Courthouse Associates substituted a handicap lift in lieu of the handicap ramp originally proposed. The site plan application clearly indicated that the proposed construction included "handicapped access." Thus, the plaintiffs had notice that the federally mandated handicapped access would be considered at the public hearing. The change in the site plan at the hearing from a handicap ramp to a handicap lift does not amount to a change in a matter of substance. In addition, the plaintiffs had a meaningful opportunity to voice their opposition on this issue at the public hearing.
The plaintiffs also contend that they were denied due process because they did not have notice that the commission would consider Courthouse Associates' plans for a trash compactor with enclosure and a platform and steps. Construction of some type of trash removal structure is an obvious component of any proposed restaurant scheme and does not represent a "matter of substance." Similarly, construction of the platform and steps do not constitute a "matter of substance."
Pursuant to section 60-3.16 of the New Canaan zoning regulations, Courthouse Associates informed the plaintiffs that the purpose of the hearing was to consider its application for conversion of a bank to a restaurant. Thus, the plaintiffs were apprised of all "matters of substance" and had an opportunity to address the details of this plan at the public hearing. Accordingly, the appeal cannot be sustained on procedural due process grounds.
D.) Evidence
CT Page 14917
The plaintiffs further contend that the appeal should be sustained because the commission ignored evidence demonstrating the harmful impact of the proposed construction on the plaintiffs' property and the risk of potential traffic problems on the street bordering the front of the bank building. The plaintiffs argue that it is the commission's duty to indicate the manner in which an application does or does not comply with the regulations. In addition, the plaintiffs maintain that a commission exceeds its discretion when it fails to provide the underlying reasons for its dismissal of the plaintiffs' arguments. Finally, the plaintiffs argue that the record fails to provide substantial evidence to support the commission's approval of the site plan application and that the commission's action is therefore illegal and should be overturned.
 i. Traffic Considerations
The plaintiffs maintain that the commission failed to comply with section 60-3.6(F)(3) New Canaan zoning regulations by neglecting to consider a number of traffic criteria in approving the site plan application. The defendants argue that the plaintiffs have misapplied and misconstrued the traffic analysis requirements. Section 60-3.6(F)(3) of the New Canaan zoning regulations § 60-3.6(F)(3) does not require a traffic analysis unless the proposed development contains more than ten thousand square feet. Here, evidence in the record shows that the building exists on a 6,182 square foot lot. Pursuant to this provision, the commission was not required to consider a traffic analysis unless it determined that the proposed development could generate high levels of traffic.
In support of their argument that the commission is required to consider various traffic criteria in approving a site plan, the plaintiffs refer to section 60-3.6(F)(3)[5] of the New Canaan zoning regulations. The plaintiffs, however, misinterpret this provision. Section 60-3.6(F)(3) of the New Canaan zoning regulations, which lists certain general traffic criteria that the commission should consider, applies only when a traffic analysis is required under § 60-3.6(F)(1).[6]
Specifically, § 60-3.6(F)(3) provides that "[i]n reviewingsuch proposals generally, the Commission shall consider a number of traffic criteria. . . ." (Emphasis added). "Such proposals" refers to "[a]ny proposed development containing a gross floor area of more than ten thousand square feet" as set forth in § 60-3.6(F)(1). As discussed above, no traffic analysis is CT Page 14918 required and, therefore, § 60-3.6(F)(3) does not apply.
"The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district." (Internal quotation marks omitted.) TLC Development, Inc. v. Planning Zoning Commission, 215 Conn. 527, 532, 577 A.2d 288 (1990). Although a presumption arises that the permitted use does not adversely affect traffic within the zone, "an examination into the special traffic consequences of a given site plan [is permissible] when the applicable zoning regulations permit it."Friedman v. Planning Zoning Commission, 222 Conn. 262. 266,608 A.2d 1178 (1992).
In this case, the application for a zoning permit is required because it entails a change of use from a bank to a restaurant. The subject building is located in a retail A zone and a restaurant is a permitted use in this zone. Because there is no traffic regulation applicable to this site plan application, there is a conclusive presumption that restaurant construction does not adversely affect offsite traffic. This conclusive presumption precludes the commission from denying the application based upon traffic concerns.
 ii. Deliveries and the Use of the Right of Way
The plaintiffs also contend that the commission ignored evidence supporting a denial of the application due to the adverse impact on the neighboring property. Specifically, the plaintiffs claim that they provided evidence showing that the resulting vehicular traffic in the area to the rear of Courthouse Associates' building would block the easement and prevent access to the plaintiffs' parking lot. The defendants counter that the commission properly assessed the potential impact of the proposed development on the neighboring property by studying the dimensions of the right of way, the use of the right of way by the plaintiffs' tenants, and the effect of restaurant delivery and refuse collection vehicles.
The commission did not explicitly state its reasons for concluding that the proposed construction would not adversely impact the neighboring properties. It is well established, however, that if the commission fails to state clearly the CT Page 14919 reasons for its decision, the trial court must search the record to find a basis for the commission's decision. Parks v. Planning Zoning Commission, supra, 178 Conn. 662.
The plaintiff bears the burden of proof when challenging a decision of an administrative agency. Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 206. 658 A.2d 559 (1995). Thus, the plaintiff must establish that substantial evidence does not exist in the record to support the agency's decision. Samperi v. InlandWetlands Agency, supra, 226 Conn. 587.
"Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably. . . . In appeals from administrative zoning decisions, the commission's conclusions will be invalidated only if they are not supported by substantial evidence in the record." (Citation omitted). Cybulski v. Planning Zoning Commission, supra, 43 Conn. App. 110. "This so-called substantial evidence rule is similar to the sufficiency of the evidence" standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . ." (Internal quotation marks omitted.) Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 541, 525 A.2d 940 (1987).
Section 60-3.6(A) of the New Canaan zoning regulations provides, in pertinent part, that "[n]o site plan shall be approved and no zoning permit shall be issued under the provisions of this Article for the construction . . . of any . . . structure . . . unless the Commission shall determine that: A. The location of the site, the nature and heights of proposed buildings, walls, fences and other structures and planned activities and the nature and extent of landscaping on the site shall be such that the buildings, structures or use of the premises, will not hinder or discourage the appropriatedevelopment and use of adjacent land and buildings or impair thevalue thereof." (Emphasis added).
The plaintiffs argue that the record contains evidence that the proposed construction will have an adverse impact on the abutting property. Nevertheless, this contradictory evidence does not prevent the commission from finding a substantial basis for determining that such construction would not have adverse effects. Huck v. Inland Wetlands Watercourses, supra, CT Page 14920203 Conn. 542. At the public hearing conducted on the application, the plaintiffs' attorney displayed and detailed photographic evidence which were characterized as showing that the movement of vehicular traffic between the public street and the rear of the applicant's property would impinge on the plaintiffs' property. The parties held a full debate over whether the ingress and egress of refuse collection and delivery vehicles would overtax the easement and impinge on the abutting property.
The record also contains a letter from Victor F. Christ-Janer, Settlor-Trustee. In this letter, Mr. Christ-Janer details the problems associated with the proliferation of restaurants and the inadequate parking in the area of the proposed construction. Mr. Christ-Janer does not oppose the construction of the new restaurant but merely proposes possible solutions to alleviate the parking problem.
An examination of the record discloses that there is substantial evidence to show that the proposed construction would not have an adverse impact on the neighboring properties. Specifically, the court notes the existence of four letters. First, the record contains a letter from an appraiser of Kellam 
Company Real Estate stating that he believes that the presence of the restaurant would neither hinder nor discourage business with nearby establishments. Further, the appraiser observes that there would be no impairment of value to the adjacent land.
Further evidence exists in a letter from the New Canaan Historical Society in which the Executive Director writes that "[t]he New Canaan Historical Society Library Committee has consulted with members of "The Bank" and discussed their plans to emphasize the historic aspect of the building and its location in developing their plans for a new restaurant." The Executive Director further adds, that "[i]t is heartwarming to find an organization that plans to preserve a building which represents so much of New Canaan's history." This letter provides evidence that the construction, in seeking to preserve the historic value of the neighborhood, will not impair the value of the neighboring properties.
The record also contains a letter from Pamela B. Ogilvie of the New Canaan Chamber of Commerce. In this letter, Ms. Ogilvie states that Courthouse Associates is a "vital member of the New Canaan Chamber of Commerce." Ms. Ogilvie further writes, in part, that the applicants "have consistently reaffirmed their desire to CT Page 14921 enhance New Canaan's business district, not change it, and to this end they have sought advice from the Chamber of Commerce, the New Canaan Historical Society and many long-time residents of New Canaan." Finally, Ms. Ogilvie writes, "[i]t is clearly their goal in creating "The Bank on Main street" restaurant to be a contributing participant in the business community and a good neighbor on Main street.
In addition, the record contains another letter, from Margaret Peters, a neighboring proprietor, illustrating that the construction will not adversely affect neighboring properties. Ms. Peters states, in relevant part, that she "welcome[s] the [restaurant] project for the positive traffic and new customers it will undoubtedly bring to [the] area of New Canaan. . . ." In addition, also in this letter Ms. Peters rejects the plaintiffs' negative views.
These letters provide substantial evidence to support the commission's finding that the proposed construction would not hinder the use of the adjacent property or impair its value. In addition, the commission imposed conditions on the site plan approval designed to alleviate some of the potential interference with the abutting property. Pursuant to these conditions, refuse collection is restricted to the hours before 8:00 a.m. and delivery trucks are prohibited from obstructing the right of way. These conditions coupled with the above letters provide a substantial basis for finding that the proposed construction would not hinder the use of the adjacent land.
"[A]n administrative agency is not required to believe any witness, even an expert, nor is it required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair." Huck v.Inland Wetlands Watercourses Agency, supra, 203 Conn. 542
(1987). "In determining whether an administrative finding is supported by substantial evidence, a court must defer to the agency's assessment of the credibility of the witnesses . . . even an expert, in whole or in part." (Internal quotation marks omitted.) Gardiner v. Conservation Commission, 222 Conn. 98, 108,608 A.2d 672 (1992).
"The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported CT Page 14922 by substantial evidence. . . ." (Internal quotation marks omitted.) Huck v. Inland Wetlands Watercourses Agency, supra,203 Conn. 542. "If there is conflicting evidence in support of the zoning commission's stated rationale, the reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the commission." Irwin v. Planning Zoning Commission, 244 Conn. 619, 629, ___ A.2d ___ (1998). "It is not the function of the reviewing court to weigh the evidence or to determine who is credible; that function is exclusively the board's." Mobil Oil Corp. v. Zoning Board of Appeals,35 Conn. App. 204, 211-12, 644 A.2d 401 (1994).
The commission found the evidence showing that the construction would not harm the adjacent property to be more persuasive, and it is not the Court's function to substitute its judgment for that of the commission. "Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably. . . ." Cybulski v. Planning Zoning Commission,supra, 43 Conn. App. 110. "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." (Internal quotation marks omitted.) Id., 11.
In this case, the photographs presented by the plaintiffs' attorney merely provide speculative evidence of what might occur if vehicles violate the mandated conditions and impinge upon the plaintiffs' property. They were displayed by the plaintiff and were not submitted by a traffic expert.
The letter from Mr. Christ-Janer addresses the cumulative parking problems caused by the proliferation of restaurants in the downtown area. Nevertheless, there are four other letters in the record which illustrate that the proposed restaurant business will not have an adverse impact on the neighboring properties. In light of the evidence presented, the commission exercised reasonable judgment in finding that substantial evidence exists in the record to show that the proposed construction will not have an adverse impact on the neighboring properties.
For the reasons stated above, the plaintiffs' appeal from the commission's decision to approve the site plan application is dismissed. (Spring v. New Canaan Planning Zoning Commission, Docket No. 157491). CT Page 14923
 II.) APPEAL II
The plaintiffs, Therese Marie Spring, James J. Cody, George F. Cody, Thomas H. Cody, Catherine L. Cody, and William J. Cody, (plaintiffs) appeal from a decision of the New Canaan Zoning Board of Appeals (board), in which the Board upheld the zoning inspector's issuance of a building permit to the defendant, Courthouse Associates, LLL (Courthouse Associates).
The plaintiffs appeal on the grounds that the board lacked substantial evidence to deny the appeal of the site plan approval; that the board failed to state upon the record, clearly articulated reasons for its vote, based upon substantial evidence; that the actions of the board do not conform with the requirements of the New Canaan zoning regulations or the General Statutes; that the decision caused the exacerbation of a nonconforming structure contrary to Connecticut law in absence of a variance; that the board failed to revoke the permit despite construction of improvements beyond those approved by the commission.
A.) Improper Issuance of Zoning Permit
Section 60-3.9(A) of the New Canaan zoning regulations provides, in pertinent part, that "[i]f the proposed new or changed use or if the proposed erection or alteration of any building or structure is found from the application to be in compliance with these regulations, the Zoning Inspector shall forthwith issue a zoning permit. . . . If the proposed new or changed use or the proposed erection or alteration of a building or structure is found from the application not to be in compliance with these regulations, a zoning permit shall not be issued. . . ."
In contesting the board's denial of their permit appeal, the plaintiffs raise many of the same arguments proffered in their appeal of the commission's site plan approval. See Spring v. NewCanaan Planning Zoning Commission, supra, Superior Court, Docket No. 157491. In the present appeal, the plaintiffs argue that a permit could not properly be issued under § 60-3.9 of the New Canaan zoning regulations because the site plan application did not comply with the applicable zoning regulations. CT Page 14924
The plaintiffs assert three specific arguments. First, the plaintiffs argue that the permit should not have been issued because the proposed construction of platform and steps along the plaintiffs' southern property line violates the applicable yard requirements set forth in § 60-9.1 of the New Canaan zoning regulations. Second, the plaintiffs contend that the permit should not have been issued because the site plan contained new proposals which had not been approved by the commission in the first public hearing on the site plan application. Third, the plaintiffs claim that a permit should not have issued because Courthouse Associates failed to submit a landscaping plan and a certified survey with their site plan application, in violation of §§ 60-3.3 and 60-3.4 of the New Canaan zoning regulations.
In reviewing the plaintiffs' first appeal, this court has addressed these arguments and has determined that the commission properly granted the defendants' site plan application. SeeSpring v. New Canaan Planning Zoning Commission, supra, Superior Court, Docket No. 157491. Thus, the zoning inspector properly issued a zoning permit based on a valid site plan application, and the plaintiffs' appeal may not be sustained based on the above grounds.
B.) Substantial Evidence in Record
The plaintiffs also claim that the appeal should be sustained because the board violated General Statutes § 8-7 by failing to justify its decision with reasons supported by substantial evidence in the record. They maintain that the board failed to adequately address the plaintiffs' objections to the issuance of the zoning permit.
Specifically, the plaintiffs contend that the board neglected to explain why the permit could be properly issued although the proposed construction of the platform and steps violated the applicable yard setback requirements set forth in section 60-9.1(C)(2) of the New Canaan zoning regulations. Furthermore, the plaintiffs argue that the board failed to provide a basis for its decision to deny the appeal of the permit despite the fact that the site plan contained new proposals which had not been approved by the commission in the January 28, 1997 public hearing.
General statutes § 8-7 provides, in pertinent part, that "[w]henever a zoning board of appeals . . . sustains or reverses wholly or partly any order, requirement or decision appealed CT Page 14925 from, it shall state upon its records the reason for itsdecision. . . ." (Emphasis added.) The plaintiffs bear the burden of showing that the board acted illegally, arbitrarily and in abuse of its discretion by failing to comply with this statutory requirement. Bloom v. Zoning Board of Appeals, supra,233 Conn. 206.
"[[w]here a zoning commission has formally stated the reasons for its decision, the court should not go behind that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision. . . . The reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . Of course, where there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." (Internal quotation marks omitted.) West Hartford Interfaith Coalition,Inc. v. Town Council, supra, 228 Conn. 514-15.
In this case, the record is devoid of any formal, official, collective statement of the reasons for the board's action. Although the plaintiffs have shown that the defendant failed to meet its legal obligations pursuant to § 8-7, such failure alone is an insufficient basis for sustaining this appeal. Gagnonv. Inland Wetlands Watercourses Commission, 213 Conn. 604, 605,569 A.2d 1094 (1990).
 i. Yard Setback Requirements:
First, this court will address the plaintiffs' argument that the board failed to provide a basis for its denial of the permit issuance appeal where the proposed construction of the platform and steps violated the applicable yard setback requirements set forth in section 60-9.1(C)(2) of the New Canaan zoning regulations. As the plaintiffs argue, the board did not explicitly state its reasons for concluding that § 60-9.1(C)(2) of the New Canaan zoning regulations was satisfied.
The record of this appeal contains a copy of the New Canaan zoning regulations and several maps detailing the yard measurements. In reviewing the first appeal, this court has CT Page 14926 analyzed the building's yard measurements and has determined that the proposed construction complies with § 60-9.1. See Springv. New Canaan Planning Zoning Commission, Superior Court, judicial district of Stamford/Norwalk, Docket No. 157491. Thus, there is substantial evidence in the record to show that the proposed construction complies with the applicable setback requirements.
 ii. New Modifications:
The plaintiffs further argue that the appeal should be sustained because the board failed to provide a basis for its decision to deny the permit appeal despite the fact that the site plan contained new proposals which had not been approved by the commission in the January 28, 1997 public hearing.
Here, the court notes that Courthouse Associates did not attempt to incorporate the unapproved modification into its site plan in obtaining the permit. Subsequent to obtaining the permit, Courthouse Associates filed a separate application for that modification and the Commission held a separate public hearing on it. See Spring v. Planning Zoning Commission, supra, Superior Court, Docket No. 157491. Thus, the unapproved modification did not become part of the site plan when the zoning inspector issued the permit.
The plaintiffs' appeal from the board's decision to uphold the permit issuance is dismissed. (Spring v. Board of Appeals, Docket No. 158558).
 III.) APPEAL III
The plaintiffs, Therese Marie Spring, James J. Cody, George F. Cody, Thomas H. Cody, Catherine L. Cody, and William J. Cody, appeal from a decision of the New Canaan Planning and Zoning Commission (commission), in which the commission approved a modification to a site plan.
A.) Reopening the Public Hearing
The plaintiffs appeal, in part, on the ground that the commission accepted ex parte communications and evidence from the applicant after the close of the public hearing. The plaintiffs argue that it was illegal for the commission to conduct a public hearing on the site plan modification after the commission had CT Page 14927 closed the public hearing on the site plan approval. In support of this proposition, the plaintiffs cite to a Connecticut land use treatise, R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 20.15, p. 370 and to Frito-Lay,Inc. v. Planning Zoning Commission, 206 Conn. 554, 568,538 A.2d 1039 (1988). The plaintiffs further contend that the illegality was compounded by the fact that the commission restricted the hearing to evidence pertaining to the installation of the propane tanks.
The above-cited authority does not stand for this proposition, however. Rather, this authority stands for the proposition that the commission cannot hold further "hearings" on an application once the hearing on that same application is closed. See Frito-Lay, Inc. v. Planning Zoning Commission,supra, 206 Conn. 568; R. Fuller, 9 Connecticut Practice Series,supra, § 20.15. In this case, Courthouse Associates filed two different applications. The first application was for site plan approval and the second was for a site plan modification. The commission did not attempt to reopen the hearing on the application for site plan approval, which had already been closed following the January 28, 1997 public hearing. Although the commission referred to the public hearing on the application as a "reopening" of the initial public hearing, that appears to be a misstatement. The commission held a new hearing on Courthouse Associates' new application for site plan modification and focused solely on the new modification. Legal notice of the hearing on the site plan modification was published in a newspaper.
According to R. Fuller's Connecticut land use treatise, an applicant may seek to modify or change approval of an application by filing a new application. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993), § 24.11, p. 454. Here, the applicant filed a new application which sought to modify the site plan approval by adding two propane tanks and two steel guard posts. The fact that the March 25, 1997 hearing was restricted to evidence pertaining to these new additions lends further support to the notion that the commission did not attempt to improperly reopen issues already resolved in the closed January 28, 1997 hearing. Accordingly, the plaintiffs' appeal cannot be sustained on the ground that the commission reopened the closed public hearing.
B.) Evidence
CT Page 14928
Next, the plaintiffs appeal on the ground that the commission ignored the evidence submitted by the plaintiffs demonstrating the harmful impact of the application on the plaintiffs' property and on off-site traffic. The plaintiffs contend that the proceeding was unfair because the commission considered only evidence pertaining to the impact of the propane tanks and refused to consider the impact of the entire site plan. In addition, the plaintiffs cite to Friedman v. Planning ZoningCommission, 222 Conn. 262, 608 A.2d 1178 (1992), for the proposition that traffic analysis in a site plan application is permitted.
 i. Offsite Traffic Considerations
This court has already fully addressed this issue in the first appeal. As determined previously, there is no traffic regulation applicable to this site plan application. Further, there is a conclusive presumption that restaurant construction does not adversely affect offsite traffic. Friedman v. Planning Zoning Commission, supra, 222 Conn. 266. This conclusive presumption precludes the commission from denying the application modification due to off-site traffic concerns.
 ii. Impact on Neighboring Properties
The plaintiffs also appeal on the ground that the commission disregarded evidence demonstrating the harmful impact of the application on the plaintiffs' property. Specifically, the plaintiffs maintain that evidence shows that the proposed construction will overtax the easement and cause vehicular traffic to impinge upon the plaintiffs' property. The defendants counter that the plaintiffs' evidence addresses the overall impact of the entire site plan and fails to focus on the impact of the new modification.
Section 60-3.6(A) of the New Canaan zoning regulations provides, in pertinent part, that "[n]o site plan shall be approved and no zoning permit shall be issued under the provisions of this Article for the construction . . . of any . . . structure . . . unless the Commission shall determine that: A. The location of the site, the nature and heights of proposed buildings, walls, fences and other structures and planned activities and the nature and extent of landscaping on the site shall be such that the buildings, structures or use of CT Page 14929 the premises will not hinder or discourage the appropriatedevelopment and use of adjacent land and buildings or impair thevalue thereof." (Emphasis added.).
Once a hearing on an application is closed, the commission may not conduct further "hearings" on that same application. SeeFrito-Lay v. Planning Zoning Commission, supra, 206 Conn. 568. "[A] hearing can be a proceeding in the nature of a trial with the presentation of evidence, it can be merely for the purpose of presenting arguments, or . . . it can be a combination of the two. . . . Not only does a hearing connote an adversarial setting, but usually it can be said that it is any oral proceeding before a tribunal. . . . Our cases consistently recognize the generally adversarial nature of a proceeding considered a hearing, in which witnesses are heard and testimony is taken." (Internal quotation marks omitted.) Id., 566-67. According to Frito-Lay, the commission may not consider evidence pertaining to an application which has already been closed.
In this appeal, the record contains a Barkan Mess Engineers Report, an appraiser's letter, a letter from the Cody property tenant and several photographs. Although this evidence alludes briefly to the impact of the propane tanks, the crux of the evidence pertains to the overall effect of the conversion of a bank to a restaurant. The plaintiffs claim that such evidence pertains to the modification because it demonstrates that the vehicular traffic resulting from the overall construction will be exacerbated by the addition of two propane tanks.
This evidence, however, applies to the first application, which specifically focused on the conversion of the bank to a restaurant. Because the commission closed the hearing on the first application, evidence pertaining to this application may not be raised again in the modification hearing. Only evidence pertaining specifically to the impact of the modification may be considered in the third hearing.
In the present case, the commission did not explicitly state its reasons for concluding that the proposed modification does not adversely impact the neighboring property. The record, however, provides substantial evidence that the proposed modification will not adversely impact the neighboring property. For example, the record contains a letter from Robert A. Fairty, the Fire Marshall of the Town of New Canaan. In this letter, Mr. Fairty writes to support the proposed layout of the propane CT Page 14930 tanks. He states that after a careful review for compliance, he finds that the present proposed layout is "the best possible." He also writes, that "[d]ue to space relationships, modifications beyond those deemed normal, have been made by the tenant to ensure the safest possible placement of the tanks." Finally, he adds that he is "completely satisfied with the steps taken to ensure the best possible solution."
The record also includes a letter from Hocon Gas Inc., in which a sales representative states that their "[propane] truck is fully capable of delivering from Main Street to the rear of the building. . . ." In addition, an examination of the maps shows that the modification is minor. The two tanks are about thirty inches in diameter, stand behind the refuse containers at about four feet tall and are protected in the front by two six inch steel posts.
Thus, substantial evidence exists in the record to show that the propane tanks are a safe addition and will not adversely effect the neighboring property. The plaintiffs have not fulfilled their burden of showing that substantial evidence does not exist to support the commission's decision to approve the modification.
For the foregoing reasons, the plaintiffs' appeal of the commission's decision to approve the site plan modification is dismissed. (Spring v. New Canaan Planning Zoning Commission, Docket No. 158515).
So Ordered.
D'ANDREA, J.